# EXHIBIT B

EXHIBIT B-1

8/22/2019 4:22 PM
Marilyn Burgess - District Clerk Harris Count
Envelope No. 3620547(
By: Bernitta Barret
Filed: 8/22/2019 4:22 PM

## *2019-58861 / Court: 295*

Cause No. _____

| | | |
|---|---|---|
| DAVID AND CHRISTINA JOYCE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, David and Christina Joyce ("Plaintiffs"), and file this, their Original Petition and Request for Disclosure against Defendant American Security Insurance Company ("ASIC") and Ocwen Loan Servicing, LLC ("Ocwen"), and in support thereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

### PARTIES

1. At all relevant times, Plaintiffs owned a house at 12314 Dual Circle Court, Cypress, TX 77429.

2. Defendant ASIC is an insurance company doing business in the State of Texas and may be served with process by serving its agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

3.     Defendant Ocwen is a limited liability company doing business in the State of Texas and may be served with process by serving its agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.     All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Harris County, Texas. The damages being sought by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

6.     The Court has personal jurisdiction over Defendant ASIC because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

7.     The Court has personal jurisdiction over Defendant Ocwen because Defendant does business in the State of Texas and because it is the mortgagee of the loan on the subject property that is located in this district.

## PLAINTIFFS' LOSS

8.     Plaintiffs owned the property at 12314 Dual Circle Court, Cypress, TX 77429 (the "Property") at all relevant times.

9.     Plaintiffs are the mortgagors and Defendant Ocwen is the mortgagee of a mortgage covering the subject Property.

2

10.     Defendant ASIC issued an insurance policy (Policy No. MLR828663600) (the "Insurance Policy") covering the Property, which provided coverage for damage to the Property. The Insurance Policy was in full force and effect at the time Harvey struck.

11.     Plaintiffs had paid all premiums for the Insurance Policy when Harvey damaged Plaintiffs' property.

12.     Plaintiffs were intended beneficiaries of the Insurance Policy as the owners of the Property.

13.     The Insurance Policy covered Plaintiffs' Property for damage caused by windstorm, among other perils.

14.     The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 25, 2017.

15.     Plaintiffs have already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

16.     Shortly after Harvey, Plaintiffs notified the Defendants of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

17.     Defendants assigned an adjuster to investigate and adjust the loss.

18.     The adjuster visited the property but failed to fully and fairly investigate the loss.

19.     The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, Defendants' general company claims handling standards, and/or with recognized claims handling standards.

20.     The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiffs' Property.

3

21.     Defendants failed to pay Plaintiffs and/or withheld Insurance Policy proceeds for covered windstorm damage to the Property caused by Harvey.

22.     Plaintiffs submitted a damage assessment to Defendants, seeking payment of the damaged property, less the policy deductible.

23.     The amount sought by the Plaintiffs was based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the windstorm damage greatly exceeded the amount and scope of Defendants' adjustment.

24.     Defendants have unreasonably refused to acknowledge Plaintiffs' expert's damage assessment as a basis for coverage and have failed to issue and/or release payment based on said damage assessment.

25.     Harvey windstorm caused every loss Plaintiffs have identified.

26.     Defendants know that Plaintiffs are entitled to payment of insurance proceeds under the terms of the homeowner's Insurance Policy that Defendant ASIC issued for the items of loss that Plaintiffs have identified.

27.     Defendants have no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiffs seek insurance proceeds.

28.     Defendants' actions constitute a breach of the common law duty of good faith and fair dealing.

29.     Defendants have knowingly and intentionally misrepresented Plaintiffs' insurance coverage to Plaintiffs to avoid complying with its contractual obligation to pay for Plaintiffs' covered losses due to Harvey windstorm damage.

4

30.     Defendants' obstinate refusal to acknowledge their coverage responsibilities out of court has required Plaintiffs to file this action, thereby causing Plaintiffs and this Court to endure unnecessary burden, expense, and delay.

31.     Plaintiffs have filed this suit to recover the amount owed under the Insurance Policy, which Defendants wrongfully denied and/or withheld from Plaintiffs

## COUNT I
## BREACH OF CONTRACT

32.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

33.     The contract for insurance coverage was procured at Plaintiffs' expense by and through Defendants.

34.     The language of the contract was clear that its proceeds were to benefit Plaintiffs and the property owned by the Plaintiffs.

35.     Plaintiffs, as the mortgagors and sole owners of the mortgaged Property, are intended beneficiaries of the Insurance Policy.

36.     Plaintiffs paid their Insurance Policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

37.     Plaintiffs have complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

38.     Defendants, however, have breached their contractual obligations by failing to fairly and sufficiently adjust Plaintiffs' loss, wrongfully denying coverage, and failing to issue payment for the amount owed on this claim as documented in Plaintiffs' written demand for payment and supporting documents.

5

39.     Defendant ASIC is obligated to adjust the claim fairly and settle the claim for an amount based upon the total covered damages to the Property.

40.     Defendant Ocwen is obligated to disclose the receipt of a partial payment of insurance proceeds to the mortgagor and the provide notice of the mortgagor's right to have the proceeds applied to the repair and restoration of the mortgaged property, or to the loan balance, as he may choose.

41.     Defendants' improper denial has harmed Plaintiffs by denying the money to which Plaintiffs are entitled under the terms of the Insurance Policy.

**COUNT II**
**VIOLATION OF TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES AND**
**MISREPRESENTATION OF INSURANCE POLICY**

35.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37.     Defendants' practice of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38.     Defendants' practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

39.     Defendants' practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Insurance Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendants' practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendants' acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE:
## PROMPT PAYMENT OF CLAIMS

42.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44.     Defendants' failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they

7

reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

45.     Defendants' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendants' delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between the Defendants and Plaintiffs are third-party beneficiaries of this contract. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49.     As a third-party beneficiary to the Insurance Policy contract, Defendant ASIC owed a duty of good faith and fair dealing to the Plaintiffs. Defendant Ocwen owed a duty of good faith and fair dealing to the Plaintiffs by virtue of their mortgagor/mortgagee relationship.

50.     However, Defendants engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiffs.

51.     By failing to timely and adequately assess the Plaintiffs' damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendants have acted arbitrarily, capriciously, in a

8

manner inconsistent with the reasonable expectations of the Plaintiffs, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendants breached the duty of good faith and fair dealing owed to the Plaintiffs, proximately causing Plaintiffs to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendants are liable to Plaintiffs for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/ CONSUMER PROTECTION ACT

54.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendants have committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendants' conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiffs and supports an award for treble damages.

56.     Each of Defendants' acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiffs' damages described herein.

57.     Plaintiffs are entitled to actual damages resulting from these violations of the law. These damages include the sums Defendants have wrongfully refused to pay and any consequential damages to Plaintiffs' economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for Defendants' knowing violations.

## DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendants has caused Plaintiffs to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiffs' property.

59.     Defendants "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendants' breach of duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

10

62.    As a result of Defendants' conduct described herein, Plaintiffs have been forced to retain the undersigned attorney to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees under any applicable statute.

63.    Plaintiffs are entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64.    Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that after a trial on the merits, Plaintiffs recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiffs may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:    (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiffs*

EXHIBIT B-2

9/23/2019 4:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37044572
By: Kenya Kossie
Filed: 9/23/2019 4:03 PM

## CAUSE NO. 2019-58861

| | | |
|---|---|---|
| DAVID and CHRISTINA JOYCE, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendant.** | § | 295th JUDICIAL DISTRICT |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiffs David and Christina Joyce as follows:

### I.     GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiffs and demands strict proof thereof by a preponderance of the evidence.

### II.     AFFIRMATIVE DEFENSES

2.      Plaintiffs' claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

3.      Plaintiffs' claims are barred, in whole or in part, because paragraph 1.c of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (3) water or

-1-

water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure; caused by or resulting from human or animal forces or any act of nature.

4.      Plaintiffs' claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.      Plaintiffs' claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

7.      Plaintiffs' claims are barred, in whole or in part, because paragraph 3.e in the "Perils Insured Against" section of the policy excludes losses caused by constant or repeated seepage or leakage of water or steam over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance.

8.      Plaintiffs' claims are barred, in whole or in part, because paragraph 3.f(1) in the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring,

or deterioration.

9.      Plaintiffs' claims are barred, in whole or in part, because paragraph 3.f(3) in the "Perils Insured Against" section of the policy excludes losses caused by smog, rust, or other corrosion, fungi, mold, wet or dry rot.

10.     Plaintiffs' claims are barred, in whole or in part, because paragraph 3.f(6) in the "Perils Insured Against" section of the policy excludes losses caused by settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings.

11.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims presented in the Original Petition.

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim or cause of action for punitive damages.

14.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

15.     Plaintiffs' claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

16.     Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

18.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

20.     Plaintiffs' claims are barred, in whole or in part, because any damages suffered by Plaintiffs were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs' have failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

22.     Plaintiffs' claims are barred, in whole or in part, by the specific terms of the Policy contract.

23.     Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiffs' claim.

24.     Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and

prejudice.

25.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

26.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs are not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

27.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

28.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

29.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in

nature, yet would compel them to disclose potentially incriminating documents and evidence.

30.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

31.     Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

32.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

a.     Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

b.     Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

c.     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

d.     That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

33.     Plaintiffs have sustained no injury from the alleged conduct of Defendant.

-6-

34.     Plaintiffs' claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

35.     Plaintiffs' claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiffs may have failed to act in good faith.

36.     There has been no reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

37.     Plaintiffs are not entitled to the recovery of attorney's fees and have failed to provide the statutory notices required to show entitlement to the same.

38.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an unreasonably excessive demand upon Defendant.

39.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an excessive demand upon Defendant in bad faith.

40.     Plaintiffs' claims are barred, in whole or in part, because any alleged damages to Plaintiffs' property were addressed under a prior insurance claim with a third party.

41.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

42.     Defendant expressly reserves and preserves any and all rights and defenses it may

have under the Texas Insurance Code, including Chapter 542A.

### III.  REQUESTS FOR DISCLOSURE

43.     Pursuant to Rule 194, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on September 23, 2019, on the following counsel of record by eServe:

Shane McClelland
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
shane@hmtrial.com

**Attorneys for Plaintiff**

*/s/ Brian A. Srubar*
    Brian A. Srubar